IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH and ANGELA NAIRNS, | Case No. 2:20-cv-01139-DWM |
| Plaintiffs, | ORDER |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

The parties in this case request an order for disclosure of grand jury matters under Federal Rules of Criminal Procedure 6(e). [ECF No. 42.] A court may authorize such disclosure preliminary to or in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). However, the rule "require[s] a strong showing of particularized need" prior to disclosure. *United States v. Sells Eng'r, Inc.*, 463 U.S. 418, 443 (1983). Disclosure is limited to "cases where the need for it outweighs the public interests in secrecy, and that the burden of demonstrating this balance rests upon the . . . party seeking disclosure." *Id.* (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222–23 (1979), and extending standard to requests by the government). Because the parties cannot circumvent this burden by simply stipulating to disclosure, the request is denied.

1

Briefly, Plaintiff Chandan Manansingh was convicted in 2012 of one count of Introduction of Misbranded Drugs into Interstate Commerce with intent to Defraud or Mislead in the United States District Court for the District of Maryland. [ECF No. 3 at ¶¶ 17–18.] He received a 36-month probationary sentence and a $250,000 fine. [*Id.* at ¶ 18.] In April 2016, while he was on federal supervision for that offense, the Individual Defendants executed a warrantless probation search of the residence where he lived with his fiancée, Plaintiff Angela Nairns. [*Id.* at ¶¶ 27–29, 31.] According to Plaintiffs, "[t]he search was executed based upon the advancement of conscious false theory and representations" about Manansingh by the Individual Defendants, primarily Shawn Mummey and Robert Aquino. [*Id.* at ¶ 31.] The stated grounds for the search were positive drug tests for anabolic steroids and failure to pay his fine. [*Id.* at ¶ 35.]

During the April 2016 search, the Individual Defendants discovered ten bullets. [*Id.* at ¶ 63.] Manansingh was arrested, [*id.* at ¶¶ 66–67], and indicted for being a prohibited person in possession of ammunition per 18 U.S.C. §§ 922(g)(1) and 924(a)(2), [*id.* at ¶ 68]; *see also United States v. Manansingh*, 2:16-cr-140-RFB-1. Subsequently, the district court granted Manansingh's motion to suppress the ammunition based on the absence of reasonable suspicion for the search. *See United States v. Manansingh*, 281 F. Supp. 3d 1096, 1100–02 (D. Nev. 2017). The indictment was ultimately dismissed following the government's unsuccessful

appeal of that decision. *United States v. Manansingh*, 733 F. App'x 390 (9th Cir. 2018); [2:16-cr-140-RFB-1, Doc. 90 (June 21, 2018)].

Now, Plaintiffs allege multiple constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and claims under the Federal Tort Claims Act ("FTCA"). [Compl., ECF No. 3.] Plaintiffs also bring claims for malicious prosecution and abuse of process. The Individual Defendants are United States Probation Officers in the District of Nevada. (*Id.* at ¶¶ 8–15.) Thus, Plaintiffs meet the first (3)(E)(i) requirement— that the disclosure be "preliminarily to or in connection with a judicial proceeding." *United States v. Baggot*, 463 U.S. 476, 479 (1983). But the parties do not meet the second requirement, "particularized need," and this is not a requirement that the parties can simply sidestep through stipulation.

A party seeking disclosure must show that the sought-after material is necessary to avoid a possible injustice in another judicial proceeding, that the need for disclosure outweighs the need for secrecy, and that the request is narrow. *Douglas Oil*, 441 U.S. at 222. "General or unsubstantiated allegations do not satisfy the 'particularized need' requirement." *United States v. Valencia-Trujillo*, 462 F. App'x 894, 898 (11th Cir. 2012) (citing *United States v. Cole*, 755 F.2d 748, 758–59 (11th Cir. 1985)). "No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of

3

useful information." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999). Here, the parties cannot show particularized need. Plaintiffs allege the Individual Defendants conspired to make misleading statements and took illegal actions, but they fail to show how the grand jury materials are relevant to those claims.

The parties attempt to base their request for the grand jury materials, in part, on Plaintiffs' claims for malicious prosecution and abuse of process, which allege "[t]he fabrication of evidence and upon information and belief likely misleading statement of facts by witnesses to obtain Grand Jury Indictments; evidences the absence of probable cause, along with the malicious intent of Defendants Mummey and upon information and belief Aquino's invidious racial motive." [ECF No. 3 at ¶¶ 228, 235.] The attempt is unavailing.

First, contrary to the parties' apparent position, "unsealing is not automatically warranted simply because the person requesting disclosure is a malicious prosecution plaintiff." *Anilao v. Spota*, 918 F. Supp. 2d 157, 175 (E.D.N.Y. 2013). To warrant disclosure, "the party requesting disclosure of grand jury materials, either in whole or in part, must make a showing of likely success in defeating the presumption of probable cause." *Id.* (internal quotation marks omitted). No such showing has been made here. Plaintiffs' challenge to the search underlying the indictment was addressed in the context of Manansingh's criminal

4

prosecution, where the Court agreed with Manansingh regarding the absence of probable cause for the search. This resulted in suppression of the ammunition and, ultimately, dismissal of the indictment on the prosecution's motion.

And, even assuming Plaintiffs are correct, and the Individual Defendants seriously misrepresented *why* they conducted the search, it is undisputed that ammunition was found in Plaintiffs' residence and that Manansingh was a felon. There is no allegation in the complaint or stipulation that the Individual Defendants planted evidence during the search or lied about what they found as to undermine the grand jury's determination that there was probable cause to find that Manansingh was a felon in possession of ammunition. *Compare with DaCosta v. Tranchina*, 281 F. Supp. 3d 291 (E.D.N.Y. 2017) (§1983 case directly challenging the eyewitness evidence that formed the basis of the resulting charge). Plaintiffs mistakenly conflate the alleged infirmity and malfeasance related to the reasonable suspicion underlying the probation search with the probable cause necessary to obtain a federal indictment for felon in possession of ammunition.

To obtain an indictment under § 922(g)(1), the government must allege: "(1) the defendant was a felon; (2) the defendant knew he was a felon; (3) the defendant knowingly possessed a firearm or ammunition; and (4) the firearm or ammunition was in or affecting interstate commerce." *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019). Thus, the fact that the probationary search here was

ultimately held infirm and the recovered ammunition was excluded is relevant to and reflected in the dismissal of the criminal charges against Manansingh, but that fact is separate from the authority of the Individual Defendants to conduct the search in the first place. *See United States v. Calandra*, 414 U.S. 338, 349 (1974) (refusing to extend the exclusionary rule arising out of a Fourth Amendment violation to grand jury proceedings); *see also United States v. Williams*, 504 U.S. 36, 50 (1992) (reaffirming *Calandra*). Absent a more specific showing of why these materials speak directly to the issues in this case, the parties cannot show "injustice" through lack of disclosure.

Finally, though the court has a duty to "weigh carefully the competing interests in light of the relevant circumstances and the standards announced by [the Supreme Court]," *Douglas Oil*, 441 U.S. at 223, in light of the above, the parties fail to show this balance shifts in favor of disclosure, *Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958).

Based on the foregoing, IT IS ORDERED that the parties' stipulated request for an order requiring the disclosure of grand jury materials [ECF No. 42] and the attendant request for a protective order [ECF No. 41] are DENIED.

DATED this 4th day of January, 2021.

Donald W. Molloy, District Judge
United States District Court

6