IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH and ANGELA NAIRNS,<br><br>             Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>             Defendants. | Case No. 2:20-cv-01139-DWM<br><br>ORDER |

On June 19, 2020, Plaintiffs filed this action, alleging multiple constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and claims under the Federal Tort Claims Act arising out of a probationary search and subsequent federal firearms indictment. [ECF No. 3.] On November 20, 2020, the defendants filed motions to dismiss Plaintiffs' claims. [*See* ECF Nos. 37, 38.] Plaintiffs received an extension of time to respond to those motions. [*See* ECF No. 40, 45.] But instead of responding, Plaintiffs now seek to amend their complaint to supplement their factual allegations, add four causes of action, and remove six causes of action. [*See* ECF No. 47.]

1

While Plaintiffs' request is granted, *see* Fed. R. Civ. P. 15(a)(2), the proposed complaint does not comply with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To the contrary, the document encompasses 69 pages and is replete with adverbs and argumentative language.  It also contains factual statements that have no apparent relationship to the underlying claims.  [*See* ECF No. 47-1 at ¶ 80 (referring to probation officers "engaging in non-consensual sexual acts with those whom they supervise").]  Recognizing that Plaintiffs must provide more than "a formulaic recitation of the elements" or "naked assertions" of fact, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted), hyperbole does not make Plaintiffs' allegations any more plausible.  Plaintiffs should therefore review their proposed pleading to bring it into compliance with Rule 8.  *See* Fed. R. Civ. P. 12(f) (permitting the Court to strike "any redundant, immaterial, impertinent, or scandalous matter").

IT IS ORDERED that Plaintiffs' request for leave to file an amended complaint [ECF No. 47] is GRANTED.  *See* Fed. R. Civ. P. 15(a)(2).  Plaintiffs shall file their Amended Complaint—considering the concerns outlined above—on or before January 15, 2021.

IT IS FURTHER ORDERED the defendants' motions to dismiss [ECF Nos. 37, 38] are DENIED as MOOT. The defendants' response to the Amended Complaint is due on or before February 15, 2021.

IT IS FURTHER ORDERED that this matter is set for preliminary pretrial conference as outlined below:

1. Pursuant to Fed. R. Civ. P. 16(b) and (c), lead trial counsel for the respective parties shall appear via Zoom on **February 23, 2021, at 9:00 a.m. PST**, for the purpose of participating in the preliminary pretrial conference. The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Counsel should prepare to take part in meaningful discussions of material contained in the preliminary pretrial statements. The case management plan resulting from the preliminary pretrial conference <u>is not subject to revision</u> absent compelling reasons. Each party shall be limited to a single video feed and the parties shall be notified via e-mail of the meeting ID and password within 24 hours of the conference. **Zoom Guidance and Setup available at: https://www.mtd.uscourts.gov/zoom-hearings.**

2. Each party to the case must be represented at the preliminary pretrial conference by at least one person with authority to enter stipulations. The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible. Pursuant to Rule 1, the lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. *See also* LR 1-1(b) ("It is the obligation of the attorneys, as officers of the court, to work toward the prompt completion of each case and to minimize litigation expense.").

3. If it is impossible for lead trial counsel to attend the preliminary pretrial conference at the above time, application for an extension of time must be made by motion to the Court no less than fourteen (14) days before the conference. The motion must certify that opposing counsel has been contacted concerning the extension and state whether opposing counsel objects. Requests to change the preliminary pretrial conference date will not be granted absent a demonstrated showing of good cause.

    4.  On or before **February 18, 2021,** counsel for the respective parties shall each file a preliminary pretrial statement.  *See* Fed. R. Civ. P. 16(c)(2), 26(a)(1).  The statement shall address the following:

- (A) a brief factual outline of the case;
- (B) the basis for federal jurisdiction and for venue in the division;
- (C) the factual basis of each claim or defense advanced by the party;
- (D) the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;
- (E) a computation of damages;
- (F) the pendency or disposition of any related state or federal litigation;
- (G) proposed additional stipulations of fact not included in the Statement of Stipulated Facts, *see* ¶ 7 below, and the parties' understanding as to what law applies;
- (H) proposed deadlines relating to joinder of parties or amendment of the pleadings;
- (I) identification of controlling issues of law suitable for pretrial disposition
- (J) the name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information.  If known, the address and telephone number of the individual must be provided to all counsel on request;
- (K) the substance of any insurance agreement that may cover any resulting judgment;
- (L) the status of any settlement discussions and prospects for compromise of the case; and
- (M) suitability of special procedures.

    5.  On or before **February 18, 2021**, Plaintiff shall separately file a Statement of Stipulated Facts to which all parties agree.  That statement must demonstrate a good faith effort to produce a comprehensive list of undisputed facts relevant to the resolution of this matter.  *See* Fed. R. Civ. P. 1, 16, 26; LR 1-1(b).

    6.  Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.  Early Rule 34 requests are governed by Rule 26(d)(2).

7. The parties are reminded to review and follow the Federal Rules of Civil Procedure concerning Pleadings, Counterclaims and Crossclaims, and Third-Party Practice.

8. Registration in and use of the Court's electronic filing system is mandatory for all attorneys. LR IC 2-1(a). Self-represented litigants should refer to LR 2-1(b) and (c) for further information about filing requirements.

9. <u>COUNSEL ARE ADVISED THAT INCOMPLETE OR INADEQUATE INFORMATION ON THE PRELIMINARY PRETRIAL STATEMENT WILL BE DEEMED AN ADMISSION BY COUNSEL THAT THE MATTER IS NON-COMPLEX AND MAY RESULT IN THE CASE BEING SET ON AN EXPEDITED TRIAL DOCKET.</u>

DATED this 14th day of January, 2021.

Donald W. Molloy, District Judge
United States District Court