IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH, an individual, and ANGELA NAIRNS, an individual,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 2:20-cv-01139-DWM<br><br>OPINION<br>and ORDER |

  Plaintiffs Chandan Manansingh and Angela Nairns (collectively "Plaintiffs") allege constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and tort claims under the Federal Tort Claims Act ("FTCA"), arising out of a probationary search and federal indictment. [ECF Nos. 49.] The Court previously dismissed all but two counts of Plaintiffs' sixteen-count Amended Complaint with prejudice, allowing Plaintiffs to amend their claim for intentional infliction of emotional distress against the United Sates. [*See* ECF. No. 73, 85.] On June 7, 2021, Plaintiffs filed

1

a Second Amended Complaint, [ECF No. 83],[1] and on June 21, the United States once again sought dismissal of Count 10, [ECF No. 86]. The United States' motion is granted.

A complete statement of facts is contained in the Court's May 24, 2021 Opinion and Order. [*See* ECF No. 73.] Additional facts taken from Plaintiffs' Second Amended Complaint are incorporated in the analysis below. At this stage of the proceedings, the factual allegations in the complaint "are taken as true and construed in the light most favorable to the plaintiffs." *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (internal quotation marks and citation omitted).

## ANALYSIS

In their Second Amended Complaint, Plaintiffs allege that they suffered emotional distress that began with the defendants' abuse of their positions as federal agents to search Plaintiffs' residence on April 1, 2016, and continued through Manansingh's prosecution.[2] [*See* ECF No. 83 at ¶ 227.] The United States challenges these allegations on two grounds, arguing first that they are

---

[1] Plaintiffs alleged all sixteen causes of action in their Second Amended Complaint despite the Court's dismissal without leave to amend of most of those claims. The defendants were not required to answer those claims that were previously dismissed with prejudice. [*See* ECF No. 85.]

[2] Plaintiffs aver there are "six independent reasons" that the defendants' conduct is "extreme and outrageous" but then proceed to list only four. [*See* ECF No. 83 at ¶ 227.]

untimely and second that they fail to state a viable claim for relief. Both arguments are persuasive.

I.  **Timeliness**

The United States is immune from suit unless it consents to be sued. *Edison v. United* States, 822 F.3d 510, 517 (9th Cir. 2016). The question of whether the United States has waived its sovereign immunity is one of subject matter jurisdiction and is considered under a Rule 12(b)(1) standard. *Id.* The FTCA waives the sovereign immunity of the United States for tortious acts or omissions of federal employees. 28 U.S.C. §§ 1346(b)(1), 2674. The waiver of the United States' sovereign immunity requires claims be presented to the appropriate federal agency within two years of their accrual. 28 U.S.C. § 2401(b). Federal law determines when a claim accrues and when the applicable limitations period begins to run. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (internal citations, quotation marks, and brackets omitted). Here, Plaintiffs filed their administrative tort claim on June 24, 2019, [ECF No. 50 at 22], and their complaint on June 18, 2020, [ECF No. 3]. As a result, Plaintiffs' tort claims that accrued prior to June 24, 2017 are untimely.

Accrual of a claim turns on whether all the facts exist underlying that claim. In Nevada, a claim for intentional infliction of emotional distress requires that

3

(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended or recklessly disregarded the causing of emotional distress; (3) the plaintiff actually suffered severe or extreme emotional distress; and (4) the defendant's conduct actually or proximately caused the distress. *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000). Thus, an intentional infliction of emotional distress claim accrues when these elements are all present.

Plaintiffs insist that their intentional infliction of emotional distress claims are timely because the Second Amended Complaint alleges "four separate accrual paths": (1) the prosecution did not terminate until June 2018; (2) the manner of that prosecution during that time; (3) the continuous conduct of the defendants during that time; and (4) Manansingh's prolonged incarceration and supervision. [*See* ECF No. 87 at 14–15.] But these "accrual" paths are not entirely consistent with the intentional infliction of emotional distress claim as pled in the Second Amended Complaint, which focuses on the conduct related to the April 1, 2016 search and the May 26, 2017 oral order granting the motion to suppress. [*See* ECF No. 83 at ¶¶ 227– 37.] As this Court previously determined, any emotional distress claim based on that conduct accrued at that time, regardless of the continued prosecution. Thus, Plaintiffs' "continuing" theory of accrual is rejected. Rather, Plaintiffs must allege specific conduct that occurred after June 24, 2017

4

that by itself was "extreme and outrageous" and caused "severe or extreme" emotional distress.

A generous reading of the Second Amended Complaint indicates only three allegations of specific conduct that could form the possible basis for such a claim: (1) Manansingh's prolonged detention and supervision arising out of the United States' appeal of the denial of the suppression order, [*see id.* at ¶¶ 130–35]; (2) the harassment of Nairns, [*id.* at ¶¶ 136, 138, 142], and (3) Defendant Mummey's continued supervision of Manasingh, [*id.* at ¶ 145].  But the conduct underlying both (2) and (3) also predates the June 24, 2017 temporal bar.  As to (2), the Second Amended Complaint alleges that the prosecutor harassed Nairns regarding her putative testimony at Manansigh's "revocation hearing."  [*See id.* at ¶¶ 138, 139, 142.]  That hearing took place on June 22, 2017.  *See United States v. Manansingh*, 2:15-cr-00070-RFB, ECF No. 113 (D. Nev. June 22, 2017).  Thus, the alleged harassment and Nairns' emotional response occurred prior to June 24, 2017.  As to (3), the Second Amended Complaint alleges that Mummey's supervision continued from June 2 until June 23, 2017, a day before the timeliness cutoff.  [ECF No. 83 at ¶ 145.]  Once again, Plaintiffs cannot delay the accrual of their claims simply because their alleged distress was ongoing.  Plaintiffs'

allegations of emotional distress based on either (2) or (3) are therefore time-barred. To the extent (1) is timely,[3] Plaintiffs fail to state a claim on that basis.

## II. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a claim must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is appropriate, however, "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

Manansingh argues that he suffered emotional distress because of his prolonged incarceration and supervision during the United States' appeal of the suppression order, including his placement in a residential re-entry center until October 2017. [*See* ECF No. 83 at ¶¶ 132, 233.] However, sovereign immunity

---

[3] The United States filed its initial Notice of Appeal on May 26, 2017, and its Amended Notice on September 11, 2017. *See United States v. Manansingh*, 2:16-cr-00140-RFB, ECF Nos. 61, 75. The date of that filing is not dispositive of accrual, however, as Manansingh did not suffer the alleged emotional distress until he was actually serving the prolonged time in custody or under supervision.

precludes FTCA liability arising from this allegedly tortious conduct. While couched in terms of emotional distress, Plaintiffs' claim is grounded in abuse of process, and the appeal on behalf of the United States was filed by a prosecutor, an individual who does not qualify as an "investigative or law enforcement officer" under the plain meaning of 28 U.S.C. § 2680(h). [*See* ECF No. 83 at ¶ 131 (alleging that the "United States' appeal was misguided and unsupportable as a matter of law and fact and as such, it was an abuse of process")]; *cf. Sheehan v. United States*, 896 F.2d 1168, 1169–71 (9th Cir. 1990); *Bonilla v. United States*, 652 F. App'x 885, 890 (11th Cir. 2016). But even if this were not the case, the United States' decision to appeal an adverse suppression order in this context was not "outside all possible bounds of decency." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998). Contrary to Plaintiffs' characterization, [*see* ECF No. 83 at ¶ 135 (stating that the Ninth Circuit's memorandum disposition "affirmed the frivolity of the Defendant United States' assertions and appeal")], an unsuccessful appeal is not concomitant with frivolity. This claim therefore fails as a matter of law.

## Conclusion

Ultimately, "Plaintiffs have failed to connect their allegations of emotional distress to any conduct that occurred within two years of their administrative tort claims." [ECF No. 86 at 15.] Accordingly,

7

IT IS ORDERED that the United States' motion [ECF No. 86] is GRANTED. Count 10 of Plaintiffs' Amended Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that there being no just reason for delay and in light of this Court's May 24, 2021 Opinion & Order, [ECF No. 73], the May 25, 2021 preliminary pretrial conference, [ECF Nos. 74, 75], and the present Order, the Clerk of Court is directed to enter final judgment in favor of the defendants on Counts 1–3, 5–16 pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. If an immediate appeal is taken, the proceedings regarding Count 4 shall be STAYED. If no appeal is taken, a scheduling order will be entered and the case will proceed on Count 4 alone.

DATED this 6th day of July, 2021.

Donald W. Molloy, District Judge
United States District Court