IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH, an individual, and ANGELA NAIRNS, an individual,<br><br>    Plaintiffs,<br><br> vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 2:20-cv-01139-DWM<br><br><br>ORDER |

This matter having been remanded by the Ninth Circuit Court of Appeals for further proceedings, IT IS ORDERED that:

**1.  The following schedule will govern all further pretrial proceedings:**

| | |
|---|---|
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | August 1, 2024 |
| Disclosure of Defendant's Damages Experts: | September 2, 2024 |
| Discovery Deadline: | October 1, 2024 |
| Motions Deadline (including motions *in limine*)[1] (fully briefed): | November 1, 2024 |

---

[1] Modifying 30-day deadline outlined in LR 16-3(a).

| | |
|---|---|
| Attorney Conference to Prepare<br>Final Pretrial Order: | week of December 2, 2024 |
| File Trial Briefs and<br>Proposed Final Pretrial Order,<br>Jury Instructions, Voir Dire Questions,<br>and Verdict Forms and e-mail to<br>dwm_propord@mtd.uscourts.gov<br>(Trial Briefs are optional): | December 9, 2024 |
| Notice to Court Reporter of<br>Intent to Use Real-Time: | December 9, 2024 |
| Notice to I.T. Supervisor of<br>Intent to Use Electronic Exhibits or<br>Videoconferencing: | December 9, 2024 |
| Final Pretrial Conference: | December 12, 2024, at 8:30 a.m.<br>Las Vegas, Nevada |
| Jury Trial (7-member jury): | January 6, 2025, at 10:00 a.m.[2]<br>Lloyd D. George Federal Courthouse<br>Las Vegas, Nevada |

NOTE: If any tort claims proceed to trial, the parties shall submit proposed findings of fact and conclusions of law related to those claims by December 12, 2024.  All claims may be tried to a jury.  *See* Fed. R. Civ. P. 39(c).

**The Court will not continue the above deadlines absent compelling reasons.**

**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline.  The parties need not inform the Court of such stipulations, and the Court will not issue an order to confirm or adopt such**

---

[2] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**stipulations.  Parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court (modifying LR IA 6-1). Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

2. **Local Rules and Electronic Filing.**  Parties are advised that revised Local Rules for the District of Nevada became effective April 17, 2020, and apply in all cases pending when changes become effective, unless modified by this Order.  *See* Fed. R. Civ. P. 16(d), (e); LR IA 1-4, 1-5.  In addition, all counsel must register and file electronically unless good cause can be shown.  Fed. R. Civ. P. 5(d)(3)(A); LR IC 2-1.  Further information is available on the Court's website, www.nvd.uscourts.gov, or from the Clerk's Office.  *See also* L.R. PART IC.

3. **Amended Pleadings.**  A party seeking to amend the pleadings after the date specified in paragraph 1 must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4).  Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.  Filing procedures are governed by LR 15-1.

4. **Stipulations.**  Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

a.  On November 26, 2013, Mr. Manansingh was sentenced in the District of Maryland for his conviction for Introduction of Misbranded Drugs into Interstate Commerce with Intent to Defraud or Mislead.  He received 36 months of probation and was assessed a fine of $250,000.

b.  On March 18, 2015, supervision of Mr. Manansingh's probation was transferred to the United States District Court for the District of Nevada.

c.  Conditions of supervised release authorized a warrantless search of Mr. Manansingh's residence based upon "reasonable suspicion of contraband or evidence of a violation of a condition of supervision."

d.  On April 1, 2016, District of Nevada Probation Officers Mummey, Aquino, Cascio, Gabonia, Fredlund, Goldern, and Barajas executed a warrantless search of Mr. Manansingh's residence, pursuant to his conditions of supervision.

e.  On April 4, 2016, Mr. Manansingh was ordered to be detained without bond.

f.  On May 11, 2016, Mr. Manansingh was indicted for violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), for being a prohibited person in possession of ammunition.

g.  On August 31, 2017, the District Court granted Mr. Manansingh's motion to suppress the evidence obtained from the April 1, 2016 search of his residence.

h.      On June 5, 2018, a Mandate of the United States Court of Appeals for the Ninth Circuit issued affirming the August 31, 2017 decision of the District Court.

**5. Cooperation and Proportionality.** The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1; *see also* LR 1-1(a), (b) ("It is the obligation of attorneys, as officers of the court, to work toward the prompt completion of each case and minimize litigation expense."). Discovery is to be proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1).

**6. Discovery Exhibits.** <u>During discovery, deposition exhibits shall be numbered seriatim.</u> Numbers used for exhibits during depositions must be used at trial for the same exhibit. The parties are encouraged to use a numbering system that will easily translate into an electronic exhibit system.

**7. 30(b)(6) Depositions.** Prior to any Rule 30(b)(6) deposition, the parties must meet and confer to identify each person the organization will designate to testify and the topic areas that will be addressed. *See* LR IA 1-3(f).

**8. Foundation & Authenticity of Discovery Items.** Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity

of a particular item of evidence, then counsel must make a specific objection to opposing counsel, in writing, within a reasonable time of production. A "reasonable time" is no later than forty-five (45) days prior to the close of discovery. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial. Failure to comply with this provision constitutes a waiver of any foundation or authenticity objection at trial.

9. **Supplementation of Discovery Responses.** Pursuant to Federal Rule of Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

10. **Discovery Disputes.** Discovery disputes will be resolved through standard motions practice (modifying LR 26-6(a)). The Court does not entertain informal discovery resolution and the parties should not contact chambers directly. *Compare with* Fed. R. Civ. P. 16(b)(3)(B)(v). Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5); *see also* LR IA 1-3(f) and LR 26-6(c) (imposing a meet and confer requirement). Counsel must certify its compliance with this requirement in the motion. In addition, at the time

the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**11. Experts.** The parties informed the Court that they may engage experts in the following areas:

Plaintiff:     none expected at this time

Defendant:   none expected at this time

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**12. Expert Disclosure.**

(a)     Retained or Specially Employed.

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

(b)     Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

(i)  the subject matter on which the witness is expected to present

evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii)  a summary of the facts and opinions to which the witness is

expected to testify.

(c)    Objections to the timeliness or sufficiency of a Rule 26(a)(2)

disclosure or report must be filed in the form of a motion within fourteen (14) days

of the disclosure date set forth in paragraph 1, or the objection will be deemed

waived.  An inadequate report or disclosure may result in exclusion of the expert's

opinions at trial even though the expert has been deposed.  In this regard, a treating

physician is not considered a retained expert witness unless the testimony offered

by the treating physician goes beyond care, treatment, and prognosis.  If the

treating physician's testimony goes beyond care, treatment, and prognosis then

there must be full compliance with the disclosure requirements of Federal Rule of

Civil Procedure 26(a)(2)(B).  All other objections to expert testimony may be

lodged according to general motions practice.

**13. Rebuttal Experts.**  Any evidence intended solely to contradict or rebut

evidence on the same subject matter identified by another party as testimony or

evidence to be offered by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in

the case involve giving expert testimony, must be disclosed within thirty (30) days

8

of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  The purpose of simultaneous liability expert disclosures is to avoid "sand bagging" disclosures in an effort to force the opposing party to tip its liability hand.  Accordingly, a party may not produce an expert rebuttal report on liability unless the party has already produced its own liability expert report.

**14. Supplementation of Incomplete or Incorrect Expert Reports.**

Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, through no fault of the proponent or expert witness, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**15. Motions.**  Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph 1.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court.  **If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court.  Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.**  Court

approval is required for any request to extend a response or reply deadline (modifying LR IA 6-1).

**16. Unopposed Motions.**  Unopposed motions shall be accompanied by a proposed order as outlined in LR IA 6-2.  *See also* LR IC 2-2(f).  Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**17. Hearings & Oral Arguments.**  Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.  *See also* LR 7-2(e), 78-1.

**18. Number of Jurors and Length of Trial.**  Trial of this case shall be conducted in Las Vegas, Nevada.  Count 4 is subject to trial by jury.  An advisory jury may be empaneled for Counts 10 and 12, *see* Fed. R. Civ. P. 39(c), which will ultimately be decided by the Court.  The parties expect the trial to last 3–5 days.

**19. Attorney Conference for Trial Preparation.**  If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in LR 16-3(b).  The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii), LR IA 10-1, 10-2, LR 16-3, and LR 16-4.  *See also* LR IC 2-2(f).  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not

disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.

**20. Trial Exhibits.**

(a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference.  One week prior to the Final Pretrial Conference, counsel must send a thumbdrive containing an electronic copy of the exhibits to Judge Molloy's Chambers in Missoula, Montana.  Counsel must provide a binder of paper copies of the exhibits at the time of the Final Pretrial Conference to the Court, and also to opposing counsel, if requested.  The binders must bear an extended tab showing the number of the exhibit.  An electronic copy of the exhibits shall be provided to the Court's courtroom deputy at the time of the Final Pretrial Conference in a format compatible with the Court's electronic exhibit system.

(b)     Each exhibit must show the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer.  Fed. R. Civ. P. 26(a)(3)(A)(iii).

(c)     Exhibits shall be numbered in a manner that is consistent with paragraph 6 of this Order.  The parties shall not use the same range of exhibit numbers.  Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

(d)    Failure to comply with (a) through (c) above may result in the

exclusion of an exhibit at trial.

**21. Final Pretrial Order.**  The parties shall file the proposed Final Pretrial Order

and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov by the date

indicated in paragraph 1.  Once filed and signed by the Court, the Final Pretrial

Order supersedes all prior pleadings and may not be amended except by leave of

court for good cause shown.

**22. Final Pretrial Conference.**  Counsel for the parties shall appear before the

Court in chambers at Las Vegas, Nevada, for the final pretrial conference on the

date and time set forth in paragraph 1.  Each party should bring Judge Molloy's

physical copy of its trial exhibits.

**23. Trial Briefs.**  Trial briefs are optional but if filed must be received by the

Court by the date indicated in paragraph 1.

**24. Expert Reports.**  The parties shall provide the Court with one thumbdrive[3]

containing a PDF of the expert reports and Rule 26(a)(2)(C) disclosures for all

testifying expert witnesses at or before the final pretrial conference.  The PDF shall

contain a table of contents with hyperlinks to each individual document.  The

parties shall also provide a binder containing hard copies of the expert reports and

---

[3]  Court policy requires that the thumb drive be brand new and not previously used.

Rule 26(a)(2)(C) disclosures for all testifying expert witnesses.  The documents

may be duplexed but must be individually tabbed and include a table of contents.

**25.  Jury Instructions.**

(a)    The parties shall jointly prepare jury instructions upon which they

agree (proposed joint instructions).  If necessary, each party may also prepare a set

of proposed supplemental instructions if different from the agreed joint

instructions.  **No two instructions shall be submitted with the same number.**

The parties shall also prepare an agreed upon verdict form with the instructions.  If

a verdict form cannot be agreed to, each party shall prepare a separate verdict form

together with a written statement explaining why they do not agree on a joint

verdict form.

(b)    <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict</u>

<u>Form</u>: By the date set forth in paragraph 1, any party filing electronically or, if no

party is filing electronically, Plaintiff's counsel shall (1) file one working copy of

the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-

mail the same documents, plus a clean copy of each, in Word format to

dwm_propord@mtd.uscourts.gov.

(c)    <u>Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:

By the date set forth in paragraph 1, each party shall (1) file one working copy of

its supplemental proposed Jury Instructions, together with its proposed verdict

13

form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov.

**26. Format of Jury Instructions.**

> (a)     The <u>clean copy</u> shall contain:
>
>> (i)   a heading reading "Instruction No. ____"; and
>>
>> (ii)   the text of the instruction.
>
> (b)     The <u>working copy</u> shall contain:
>
>> (i)   a heading reading "Instruction No. ____";
>>
>> (ii)   the text of the instruction;
>>
>> (iii)   the number of the proposed instruction;
>>
>> (iv)   the legal authority for the instruction; and
>>
>> (v)   the title of the instruction; i.e., the issue of law addressed by the proposed instruction.
>
> (c)     Jury instructions shall be prepared in 14-point Times New Roman font.

**27. Settling of Instructions.** The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

14

**28. Calling Witnesses at Trial.** When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document providing the following information about the witness:

    i) the full name and current address of the witness;

    ii) a brief description of the nature and substance of the witness's testimony;

    iii)   date witness was deposed or statement taken; and

    iv)   a listing of each exhibit to which the witness may refer during direct examination.

    DATED this 17th day of April, 2024.

                                 Donald W. Molloy, District Judge
                                 United States District Court