IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| CHANDAN MANANSINGH and ANGELA NAIRNS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:20-cv-01139-DWM<br><br>ORDER |

In June 2020, Plaintiffs Chandan Manansingh and Angela Nairns (collectively "Plaintiffs") sued the United States and five federal probation officers, alleging constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state tort claims under the Federal Tort Claims Act ("FTCA"), based on a probationary search of their residence and Manansingh's subsequent federal indictment. [ECF Nos. 3, 49, 83.] At this point in the case, only two claims remain: FTCA claims against the United States for emotional distress (Count 10), and abuse of process (Count 12). [*See* ECF Nos. 73, 85, 89, 90, 111, 124.] Plaintiffs now request that this Court certify its earlier dismissals of their FTCA claim for malicious prosecution (Count 11) and

1

*Bivens* claim for fabrication of evidence (Count 4) for appeal under Rule 54(b) of the Federal Rules of Civil Procedure. [ECF No. 125.] That request is denied.

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether such certification is appropriate, a district court must first determine whether it has rendered "final judgment," that is, a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Then it must determine whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration . . . tak[ing] into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8 (internal quotation marks omitted). Consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* (internal quotation marks omitted).

2

Here, Plaintiffs ask this Court to certify its dismissal of their malicious prosecution claim, [*see* ECF No. 111], and their fabrication of evidence *Bivens* claim, [*see* ECF No. 124]. [ECF No. 125.] Plaintiffs are indeed correct that these dismissals represent the final adjudication of these specific claims. Thus, the first requirement for Rule 54(b) certification is met. However, sound judicial administration and consideration of the equities in this case counsels against Plaintiffs' request.

As recognized by Plaintiffs, the claims they seek to appeal are based on the same set of facts as those that are proceeding to trial. While the claims are not identical, Plaintiffs have consistently alleged and argued a discriminatory course of conduct underlying all the defendants' conduct. In this way, this case is quite routine: "it is typical for several claims to be made, based on both federal and state law" and for those claims to be winnowed down through motions practice. *Cf. Wood*, 422 F.3d at 879 (discussing wrongful discharge cases). Plaintiffs posit, however, that the entry of judgment on their FTCA claims may preclude them from appealing the dismissal of their *Bivens* claim under the FTCA's judgment bar. *See* 28 U.S.C. § 2676 ("The judgment in an action under [the FCTA] shall constitute a complete bar to any action by the claimant, for reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."). That concern lacks merit. While the Sixth Circuit has

3

held that the FTCA's judgment bar can be used to bar claims raised in the same suit, *see King v. United States*, 49 F.4th 991, 994 (6th Cir. 2022); *Harris v. United States*, 422 F.3d 322, 334–37 (6th Cir. 2005), the Ninth Circuit has consistently held that "the judgment bar d[oes] not foreclose a contemporaneously filed *Bivens* claim when the government had *prevailed* on the FTCA claim" as "the purpose of the judgment bar was to prevent dual recovery," *Quintero Perez v. United States*, 8 F.4th 1095, 1103 (9th Cir. 2021) (citing *Kreines v. United States*, 959 F.2d 834, 838 (9th Cir. 1992)). Like all potential claims against federal employees, Plaintiffs face a limit on their recovery. This does not make this action, or the Court's previous decisions, so unique as to warrant relief under Rule 54(b), especially when "this case would inevitably come back to th[e appellate] court on the same set of facts." *Wood*, 422 F.3d at 879; *see id.* at 882 ("The greater the overlap the greater the chance that th[e appellate] court will have to revisit the same facts—spun only slightly differently—in a successive appeal."). That fact is especially salient here, where Plaintiffs would not be permitted double recovery under the FTCA and *Bivens* regardless.

Plaintiffs further argue that, absent certification, they will be denied their right to a jury trial on their *Bivens* claims. However, this is not a situation where the district court is severing the claims or requiring that the FTCA claims be tried first despite surviving *Bivens* claims. *Compare with Ortiz v. Pearson*, 88 F. Supp.

4

2d 151, 166 (S.D.N.Y. 2000). Rather, Plaintiffs' *Bivens* claims have been dismissed; the only claims at issue are Plaintiffs' FTCA claims, on which they do not have a right to trial by jury. If Plaintiffs' argument as to this point were accepted, Rule 54(b) certification would be appropriate any time *Bivens* claims were dismissed and FTCA claims proceeded to trial. Rule 54(b) certification does not provide for that type of categorical remedy. To the contrary, Rule 54(b) must be read to avoid piecemeal litigation of duplicative issues. *Curtiss-Wright Corp.*, 446 U.S. at 8

Finally, further delay of this matter is simply not warranted. As recognized by Plaintiffs, the underlying search occurred in 2016, this case was originally filed in 2020, and it has already been to the appellate court once on a Rule 54(b) certification. [*See* ECF No. 125 at 3–8 (outlining history).] Over that time, the case has been whittled down from eighteen causes of action to two, and those two claims are finally set for trial on March 24, 2025. [ECF No. 123.] Neither the administrative concerns of the Court nor the equities favor further delay.

Accordingly, IT IS ORDERED that Plaintiffs' motion for Rule 54(b) certification, [ECF No. 125], is DENIED.

DATED this 31st day of October, 2024.

Donald W. Molloy, District Judge
United States District Court

5