IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH, an individual, and ANGELA NAIRNS, an individual,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants. | No. 2:20-cv-01139-DWM<br><br>ORDER |

Defendant United States has filed an emergency motion for a protective order under Federal Rules of Civil Procedure 26(c) and 30(b)(4) seeking to require the depositions of current and former probation officers Chad Boardman, Shawn Mummey, Robert Aquino, and Todd Fredlund to occur by remote means. [ECF No. 129.] The motion is made on the grounds that due to the Palisades fire within Los Angeles County and the location of counsel for Defendant's house within the mandatory evacuation zone, Defendant's counsel is no longer able to travel to Las Vegas for the scheduled depositions. [*Id.* at 4–5.] Following a telephone conference, as required by Local Rule IA-1-3(f), Plaintiffs have refused to conduct the depositions remotely. [*Id.* at 1, 6.]

1

"The party seeking issuance of a protective order bears the burden of persuasion." *Swenson v. GEICO Casualty Company*, 336 F.R.D. 206, 208 (D. Nev. 2020). "Such a burden is carried by demonstrating a particular need for protection supported by specific facts." *Id.* Where grounds for a protective order have been established, courts may rectify the situation by specifying the terms on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(B). Courts may order a deposition to take place by telephone or other remote means if the circumstances so warrant. *See* Fed. R. Civ. P. 30(b)(4). A remote deposition is permitted when the proponent "advance[s] a legitimate reason for seeking a remote deposition" and, "if that foundational showing is made, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial." *Swenson*, 336 F.R.D. at 209 (internal quotation omitted).

Defendant United States has met the required "burden of persuasion" for a protective order by "demonstrating a particular need for protection by specified facts." *Swenson*, 336 at 208. Here, those facts are the sudden and devastating Palisades fire and Defendant's counsel being located in a mandatory evacuation zone. These same facts show a legitimate reason for seeking a remote deposition, *id.* at 209, and it does not appear that the remote depositions will prejudice Plaintiffs, *id.*; [ECF Doc. 129 at 6, 11 ¶ 18].

Accordingly, IT IS ORDERED that the government's motion, [ECF No. 129], is GRANTED and the depositions of current and former probation officers Chad Boardman, Shawn Mummey, Robert Aquino, and Todd Fredlund, shall occur by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4).

DATED this 15th day of January, 2025.

_____  12:54 P.M.
Donald W. Molloy, District Judge
United States District Court