IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH, an individual, and ANGELA NAIRNS, an individual,<br><br>              Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | No. 2:20-cv-01139-DWM<br><br><br><br>ORDER |

In preparation for the May 12, 2025 bench trial in this matter, the parties filed their respective witness lists on April 30, 2025. [*See* ECF Nos. 149, 151.] Defendant United States disclosed ten witnesses, including Philip Smith and Hope Lewis. [*See* ECF No. 151.] Plaintiffs object to these two witnesses because they were not disclosed during discovery and ask that they be excluded from testifying at trial. [ECF No. 152.] In response, the government concedes they were not disclosed, arguing that that omission was inadvertent but harmless as it relates to Smith, and that Lewis would only be called as an impeachment witness, so her disclosure was not required. [ECF No. 153.] Because the government is correct on both points, Plaintiffs' request to exclude the witnesses is denied.

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose: "[t]he name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to supports its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party also has an ongoing obligation to supplement discovery if "the party learns that . . . the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Witnesses that are not disclosed in compliance with these requirements are generally excluded from testifying at trial unless the non-disclosing party can show that its "failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "[D]istrict courts have identified several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (internal quotation marks and alteration omitted).

**A.     Philip Smith**

Here, the government concedes that it failed to disclose Smith as a witness as required by Rule 26. [*See* ECF No. 153.] It maintains, however, that his omission was accidental and that its failure to disclose is harmless because Plaintiffs have always been aware of the central role Smith played as the prosecuting attorney in the underlying case against Manansingh. Indeed, the Second Amended Complaint refers to Smith 25 times, [*see* ECF No. 83], and he is either the sender or recipient of emails that make up one-fourth of Plaintiffs' trial exhibits, [*see* ECF No. 148 (Exs. 121, 122, 123, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 137)]. As a result, Plaintiffs cannot reasonably argue that they are either prejudiced or surprised by Smith testifying. As the prosecuting attorney in the matter, it is in fact "entirely *unsurprising*" that Smith would testify, *see Liberty Ins. Corp.*, 41 F.4th at 1192, and Plaintiffs had the opportunity to depose him and chose not to.

**B.     Hope Lewis**

In regard to Lewis, the government argues that disclosure was not required because she is merely an impeachment witness. That argument is also persuasive. Per the plain terms of Rule 26, impeachment witnesses need not be disclosed. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). While Plaintiffs appear to be concerned that her testimony may go beyond impeachment, that concern can be addressed, if necessary, during trial.

Based on the foregoing, IT IS ORDERED that Plaintiffs' request to exclude Smith and Lewis from testifying at trial [ECF No. 152] is DENIED.

DATED this 6th day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court