IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANDAN MANANSINGH, an individual, and ANGELA NAIRNS, an individual,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　Defendants. | No. 2:20-cv-01139-DWM<br><br><br>ORDER |

In June 2020, Plaintiffs Chandan Manansingh and Angela Nairns (collectively, "Plaintiffs") sued the United States and five federal probation officers, alleging constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state tort claims under the Federal Tort Claims Act ("FTCA"), based on a 2016 probationary search of their residence and Manansingh's subsequent federal indictment. A bench trial was held in May 2025, and judgment was entered in favor of the United States. [ECF Nos. 169, 170.] The United States now seeks costs in the amount of $8,308.85. [ECF No. 171.] Plaintiffs object. [ECF No. 172.] For the reasons stated below, costs are awarded in the amount of $8,068.85.

1

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See also* 28 U.S.C. §§ 1920, 2412(a)(1). Rule 54(d)(1) is interpreted "as creating a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (internal quotation marks omitted). Yet district courts have discretion to refuse to award costs. *Id.*

## I.   Discretion

In determining whether costs should be denied, districts may consider

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list of "good reasons" for declining to award costs, but rather a starting point for analysis.

*Id.* (internal quotation marks omitted). These factors do not support declining an award of costs here.

Plaintiffs argue that costs should not be awarded because they "presented important legal questions of substantial public importance in the form of constitutional *Bivens* claims and FTCA claims." [ECF No. 172 at 2.] Plaintiffs are correct that individual civil rights cases can be of "substantial public importance" as they are a means to safeguard the constitutional rights of individuals and the

community as a whole. *See Draper*, 836 F.3d at 1088. However, by the time this case proceeded to trial, it was no longer a civil rights case; rather, Plaintiffs were pursing individual tort claims against the United States for emotional distress and abuse of process. And while these claims survived summary judgment because the parties' factual representations were incongruous, [*see* ECF No. 169 at ¶ 88], they resoundingly failed on the merits, [*see id.* ¶¶ 102–31].

Plaintiffs further argue that the economic disparity between themselves and the United States shows that costs are not warranted. However, this is not the case of a indigent prisoner. *Compare with Draper*, 836 F.3d at 1088. To the contrary, Manansingh is a practicing attorney and Nairns is a nurse. Not only do they have the resources to pursue litigation, but they did so here, even with Manansingh's professional knowledge of the costs of such litigation. Finally, given the unique factual and procedural history of this litigation, there is no basis to find that this award would have a chilling effect on civil rights actions in the future. *See id.* at 1088.

## II.   Award Amount

The government seeks to recover $8,308.85 in costs, which includes $8,151.25 in deposition transcript fees and $157.60 in printing fees. [*See* ECF No. 171 at 1.] Plaintiffs object to the request for deposition costs, arguing that if costs are awarded, they should include only the cost of Manansingh's deposition

transcript, as the others were not used at summary judgment or at trial. For the reasons stated below, costs are awarded in the amount requested with only a limited reduction associated with Chief Boardman's deposition.

### A.     Deposition Transcripts

Per federal statute, taxable costs include fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). While this language is opaque, *see L.B. v. United States*, 2025 WL 1261251, at *2 ( D. Mont. May 1, 2025), the Local Rules for the District of Nevada explicitly state that "[t]he cost of a deposition transcript, either the original or the copy . . . whether taken solely for discovery or for use at trial" is a "taxable deposition cost," D. Nev. LR 54-4(a)(1). Because the depositions at issue here were all undisputedly part of discovery in the case, the United State may recover the cost of transcripts. The United States may also recover "[r]easonable costs of a deposition reporter" and "[r]easonable costs for videography." D. Nev. LR 54-4(a)(2), (3). Accordingly, the United States is awarded the full amount requested for the following depositions:

| | |
|---|---|
| Manansingh | $1,893.20 |
| Nairns | $1,569.05 |
| Officer Mummey | $1,419.20 |
| Officer Fredlund | $691.00 |
| Officer Aquino | $1,155.20 |

4

However, the deposition invoice for Chief Boardman includes administrative costs that are not recoverable either pursuant to statute or under the Local Rules. That invoice states:

| Witness: Chad Boardman | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 269.00 | $3.75 | $1,008.75 |
| Transcript - Supplemental Surcharges* | 269.00 | $0.65 | $174.85 |
| Secure Hosting & Delivery of Veritext File Suite | 1.00 | $85.00 | $85.00 |
| Logistics & Processing | 1.00 | $45.00 | $45.00 |
| Smart Summary - Over 100 Transcript Pages | 1.00 | $110.00 | $110.00 |
| Notes: *Supplemental Surcharges Include: Video Proceeding | | Invoice Total: | $1,423.60 |
| | | Payment: | ($1,423.60) |
| | | Credit: | $0.00 |
| | | Interest: | $0.00 |
| | | Balance Due: | $0.00 |

[ECF No. 171-2 at 4.] The Local Rules expressly disallow "delivery fees for deposition transcripts" and "other special formatting or production of deposition transcripts." D. Nev. LR 54-4(b)(2), (3). Accordingly, the final three line-items displayed above are not recoverable costs, and the United States is awarded $1,183.60 for Chief Boardman's deposition transcript.

Based on the foregoing, deposition transcript fees are awarded in the total amount of $7,911.25.

**B.    Printing Costs**

Taxable costs also include "fees and disbursements for printing." 28 U.S.C. § 1920(3). The government requests printing costs in the amount of $157.60 for printing exhibit binders for opposing counsel and the Court for use at trial.

5

Plaintiffs do not object to these costs, [*see* ECF No. 172 at 5], and they are permitted under the Local Rules, *see* D. Nev. LR 54-6(a)(2).

## Conclusion

Based on the foregoing, IT IS ORDERED that the United States' application for taxation of costs [ECF No. 171] is GRANTED in PART and DENIED in PART as outlined above. Costs are taxed in the amount of $8,068.85.

DATED this 16th day of July, 2025.

_____
Donald W. Molloy, District Judge
United States District Court